PHILLIP A. TALBERT
Acting United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL PERALTA,<br><br>Defendant. | CASE NO.  1:20-CR-00166-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>PROPOSED DATE: January 12, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

   This case is scheduled for a status conference on October 27, 2021, but the parties have agreed to move this hearing to January 12, 2022.  On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   These orders were entered to address public health concerns related to COVID-19.  Although the general orders address district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the general orders require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The general orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus pandemic poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

1  population that is particularly susceptible to complications if infected with the virus; (5) the seriousness
2  of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;
3  (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;
4  and (7) whether the district court has the ability to safely conduct a trial.  *Id*.
5         In light of the societal context created by the foregoing, this court should consider the following
6  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
7  justice exception, § 3161(h)(7).  When continued, this court should designate a new date for the hearing.
8  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be
9  "specifically limited in time").
10        Plaintiff United States of America, by and through its counsel of record, and defendant, by and
11  through defendant's counsel of record, accordingly stipulate as follows:
12        1.     By previous order this matter was set for a status conference hearing on October 27,
13  2021.  The Court more recently has invited a continuance of this hearing if counsel do not believe that
14  anything substantial can be accomplished at the currently scheduled hearing.
15        2.     By this stipulation, the parties agree that the next status conference be scheduled for
16  January 12, 2022, and to exclude time between October 27, 2021, and January 12, 2022, under 18
17  U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).
18        3.     The parties agree, and request that the Court find the following:
19             a)    Counsel for defendant desires additional time to consult with his client, to review
20        the current charges and conduct additional investigation and research related to the charges, to
21        discuss potential resolutions with his client.  The parties have had discussions on possible
22        resolutions of the case without a trial, but no resolution has yet been reached.
23             b)    Counsel for defendant believes that failure to grant the above-requested
24        continuance would deny him the reasonable time necessary for effective preparation, taking into
25        account the exercise of due diligence.
26             c)    The government does not object to the continuance and joins in the request.
27             d)    In addition to the public health concerns cited by General Orders 611, 612 and
28        617 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt

STIPULATION REGARDING EXCLUDABLE TIME                3
PERIODS UNDER SPEEDY TRIAL ACT

in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed. For these reasons, the court has encouraged the parties to enter this stipulation.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from October 27, 2021, to January 12, 2022, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  October 21, 2021 | PHILLIP A. TALBERT<br>Acting United States Attorney<br><br>/s/ DAVID L. GAPPA<br>DAVID L. GAPPA<br>Assistant United States Attorney |
| Dated:  October 21, 2021 | /s/ ROGER WILSON<br>ROGER WILSON<br>Counsel for Defendant<br>DANIEL PERALTA |

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>        v.<br><br>DANIEL PERALTA,<br><br>                  Defendant. | CASE NO.  1:20-CR-00166-DAD-BAM<br><br>FINDINGS AND ORDER<br><br>PROPOSED DATE: January 12, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

The Court has reviewed and considered the stipulation filed by the parties on October 21, 2021, and also reviewed the record of this case.  It is so ordered that the status conference is continued from October 27, 2021, to **January 12, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. For the reasons stated in the stipulation, the period of time from October 27, 2021, to January 12, 2022, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **October 21, 2021**               /s/ Barbara A. McAuliffe         
                                                                      UNITED STATES MAGISTRATE JUDGE